**In re Charles F. SANFORD and Jeannette M. Sanford d/b/a Sanford Enterprises, Debtors.**

**CITICORP ACCEPTANCE COMPANY, INC., Movant,**

**v.**

**Charles F. SANFORD and Jeannette M. Sanford d/b/a Sanford Enterprises, Respondents.**

**Bankruptcy No. 87-00429E.
Motion No. 89-201E.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 27, 1989.

Lawrence C. Bolla, Erie, Pa., for debtors.
James Richardson, for movant.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Issue

The issue is whether § 1129(b)(2)(B) of the Bankruptcy Code permits the debtor to obtain confirmation of a Chapter 11 Plan of Reorganization over the objections of a majority of the class of unsecured non-priority creditors, where the debtor retains the equity ownership, and the unsecured creditor class is impaired. We hold the debtor's plan may not be confirmed.

### Discussion

Debtor's proposed Chapter 11 Plan of Reorganization was rejected by a majority of the unsecured creditors. Debtor thereupon filed a Motion for Confirmation under Bankruptcy Code § 1129(b)(2)(B).

The unsecured creditors again objected, stating that they preferred a Chapter 7 liquidation.

Debtor argues that he has resolved his affairs with various secured creditors and tax claimants; that upon liquidation in Chapter 7, the unsecured creditors will receive no dividend; and the best interests of the unsecured creditors are served by a confirmation of the plan over their objections.

§ 1129(a) provides that the court shall confirm a plan only if all of the requirements of various sub-paragraphs are met.

Sub-paragraph (a)(8) provides, as a prerequisite to confirmation, that each impaired class has accepted the plan. That prerequisite has failed in the instant case.

Debtor therefore moves on to § 1129(b)(1) which provides that the proponent of a plan can obtain confirmation even without compliance with sub-paragraph (a)(8) *if* the plan does not discriminate unfairly and is fair and equitable.

Debtor argues that his plan is fair and equitable because unsecured creditors will receive more under his plan than under Chapter 7 liquidation. For purposes of this decision, we assume that debtor can prove this factual allegation. We next move on to § 1129(b)(2) to determine whether the plan is fair and equitable.

§ 1129(b)(2) provides:

(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

... (B) With respect to a class of unsecured claims— ...

(ii) The holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property.

In the instant case, the debtor would impair the nonconsenting class of unsecured creditors and would retain the entire equitable ownership in the assets of the estate. Thus, the debtor retains, unimpaired, ownership of the property of the estate, while the unsecured creditors are impaired.

The debtor's ownership interest is junior to the class of unsecured creditors and, therefore, as long as the unsecured creditors are impaired under the plan, and object as a class, the debtor cannot receive or retain, under the plan, *any property*. Debtor's plan violates § 1129(b)(2)(B)(ii).

For the above reasons, an order will be entered denying confirmation of the debtor's proposed plan of reorganization.

## ORDER

This 27th day of March, 1989, after notice and hearing held March 23, 1989, upon Debtor's Motion for Confirmation under § 1129(b)(2)(B), it is

ORDERED as follows:

1. Confirmation of debtor's plan of reorganization is refused.

2. Debtor shall have twenty days to attempt to file an amended plan meeting the requirements of the Bankruptcy Code and if no such amended plan is filed within twenty days, the case will be transferred to Chapter 7.